NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ANGEL MARIA LOJANO ILLESCAS,

    Petitioner,

    v.

COREY CHU, *et al.*,

    Respondents.

No. 25cv17273 (EP)

OPINION

**PADIN, District Judge.**

    This matter comes before the Court on Petitioner Angel Maria Lojano Illescas' Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, which challenges his detention by immigration authorities without a bond hearing. D.E. 1 ("Petition" or "Pet"). Pursuant to this Court's Order, D.E. 2, Respondents responded to the Petition, D.E. 3 ("Answer"). In their Answer, Respondents stipulate to multiple facts in the Petition and put forth their position as to why Petitioner is being legally detained. After reviewing the Petition and the Answer, and in light of the Court's previous decisions addressing the same statutory issue present in this matter, the Court will **GRANT** the Petition.

**I.    STIPULATED FACTS**

    In their Answer, Respondents stipulate to the following facts alleged in the Petition. Petitioner is a native of Ecuador. Answer at 1 (citing Pet. ¶ 4). In January 2003, Petitioner entered the United States without inspection. *Id.* (citing Pet. ¶ 25). On November 4, 2025, Immigration and Customs Enforcement ("ICE") officers arrested Petitioner in New York, and he has been detained since then. *Id.* (citing Pet. ¶ 26). Petitioner was detained in New Jersey when he filed his Petition. *Id.* (citing Pet. ¶ 3).

In addition, Respondents stipulate that Petitioner is currently in ICE detention without bond pursuant to ICE's interpretation of "applicants for admission" under 8 U.S.C. § 1225(b)(2) and the Board of Immigration Appeals' ("BIA") recent decision *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025). *Id.* (citing Pet. ¶¶ 3, 26). Respondents also stipulate that Petitioner is arguing his detention without bond under § 1225(b)(2) is unlawful, and that he is seeking either immediate release or a bond hearing under § 1226(a). *Id.* (citing Pet., Prayer for Relief ¶¶ 5, 7).

## II.  DISCUSSION

This Court, in a factually similar case, held that immigration detention under § 1225(b)(2) applies exclusively to encounters at or near the border, while § 1226(a) applies to non-citizens, like Petitioner, who unlawfully entered the country and had been present in the country for years at the time of their arrest by immigration authorities. *Lomeu v. Soto*, No. 25-16589, 2025 WL 2981256, at *7-8 (D.N.J. Oct. 23, 2025).

Here, Respondents raise the same argument they raised in *Lomeu*—namely, that Petitioner's detention "is governed by § 1225(b)(2) because he is an alien who entered without inspection or parole and was initially detained by immigration authorities in the interior of the country without having been lawfully admitted. As such, he is an 'applicant for admission' who is not entitled to a bond hearing." Answer at 1-2 (quoting and citing *Hurtado*, 29 I&N Dec. 215.) In light of this Court's holding in *Lomeu*, Respondents assert that if the Court finds that § 1225(b)(2) does not apply to Petitioner's detention, then the only remedy is a bond hearing. *Id.* at 2. In sum, Respondents acknowledge that their Answer relies on the same statutory arguments made in *Lomeu*, and this Petition asserts the same relevant facts as those in *Lomeu*. *Id.*

### III. CONCLUSION

Based on this Court's statutory interpretation in *Lomeu*, in accordance with the many district court cases cited therein, and in the interest of justice and judicial economy, the Court finds that Petitioner here is likewise unlawfully detained under 8 U.S.C. § 1225(b)(2), and therefore, is entitled to a bond hearing under 8 U.S.C. § 1226(a). An appropriate order accompanies this opinion.

Dated: November 18, 2025

                                                                                  Evelyn Padin, U.S.D.J.